UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 1020 GRAVIER STREET, LLC, ET AL | CIVIL ACTION |
| VERSUS | NO: 08-1259 |
| CNA INS. COMPANIES, ET AL | SECTION: "S" (3) |

### ORDER AND REASONS

The motion to remand (Doc. #11) filed on behalf of the plaintiffs 1020 Gravier Street, LLC and Dr. Carl DeAbate is **GRANTED.**

### BACKGROUND

This insurance dispute was removed to this court from the Civil District Court for the Parish of Orleans, State of Louisiana and concerns plaintiffs' insurance claim which arose from burglary and vandalism to plaintiffs' property on or about February 7 and 14, 2007.

Defendant GAB Robins North America, Inc. asserts that this court has diversity jurisdiction under 28 U.S.C. §1332. Defendant contends that plaintiffs are citizens of Louisiana, and that GAB is a foreign corporation with its principal place of business in the State of New Jersey and that defendant CNA, an unserved defendant, is a corporation organized under the laws of the State of Illinois with its principal place of business in the State of Illinois. Defendant further contends that

the non-diverse defendant Gary Robinson, an insurance adjustor for GAB, has been improperly joined and should be disregarded for purposes of establishing removal jurisdiction. Specifically, defendant argues that plaintiff's claims of negligent and/or intentional misrepresentation against Robinson do not state a cause of action.

## ANALYSIS

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.[1]

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.[2] Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction.[3] Removal cannot be based simply upon conclusional allegations.[4]

Improper joinder may be established in two ways: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against non-diverse

---

[1] *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).

[2] *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[3] *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

[4] *Simon*, 193 F.3d at 850 (*citing Allen,* 63 F.3d 1326 at 1335.).

party in state court.[5] The test to determine whether the plaintiff is able to establish a cause of action against the non-diverse party is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[6] A court may predict whether the plaintiff has a reasonable basis of recovery under state law by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[7] "It is well-settled that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[8] "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[9]

Louisiana courts and federal courts applying Louisiana law have recognized that, as a general rule, no cause of action lies against an insurance adjustor for processing and handling of an insurance claim.[10] However, courts recognize an adjustor may owe a tort duty to an insured when an adjustor

---

[5]*Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004))(*en banc*) (*citing Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

[6]*Id.*

[7]*Id.*

[8]*Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006)(*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[9]*Id.*

[10]*See e.g., Petkovich v. State Farm Fire and Cas. Co.,* 2007 WL 1438747 (E.D. La. 2007)*; Pennison v. State Farm Fire and Cas. Co.,* 2006 WL 3904984 (E.D. La. 2006)*; Pellerin v. Cashway Pharmacy of Franklin, Inc.*, 396 So.2d 371 (La. App. 1st Cir. 1981).

may have undertaken such a duty.[11]

"[T]here may be circumstances in which the adjustor may be said to have undertaken such a duty.  Examples may include the relative education of the parties, the diligence of the claimant in seeking the facts, the actual or apparent authority of the adjustor, the content of his promises to the claimants, misrepresentation and fraud."[12]  "Although an adjustor does not have an affirmative obligation to disclose information about the potential success of a claim, he has an obligation to be truthful when he undertakes to give a claimant information about the potential success of his claim when he knows or reasonably should know that the claimant is relying on the information that he provides to make important decisions about his claim."[13]

---

[11]*See e.g., Alarcon v. Aetna Cas & Sur. Co.*, 538 So.2d 696 (La. App. 5th Cir. 1989); *Pellerin*, 396 So.2d at 373. *See also Dufrene v. Hanover Ins. Co.,* 2007 WL 4180584 (E.D. La.  2007)(remand granted; no improper joinder; allegation that adjustor negligently delayed settlement of claim); *Castoe v. State Farm & Fire Cas. Co.*, 2007 WL 4291019 (E.D. La.  2007) (remand granted; no improper joinder of adjustor; allegations that adjustor failed to adjust claim in good faith and failed to disclose material information); *Petkovich v. State Farm Fire & Cas. Co.,* 2007 WL 1438747 (E.D. La. 2007)(remand granted; no improper joinder; allegation that adjustor misrepresented the cause of property damage and the payment of policy limits)*; Martinez v. State Farm Fire & Cas. Co.,* 2007 WL 1438696 (E.D. La. 2007)(remand granted; no improper joinder; allegation that adjustor misrepresented cause of property damage and the payment of policy limits); *Sanchez v. State Farm & Fire Cas. Co.,* 2007 WL 1438690 (E.D. La. 2007)(remand granted; no improper joinder; allegation that adjustor misrepresented cause of property damage and the payment of policy limits); *Ballay v. State Farm Fire & Cas. Co., 2007 WL 734414 (E.D. La. 2007)*(remand granted; no improper joinder; allegation that adjustor failed to adjust plaintiff's claim in good faith, failed to disclose material information; failed to properly investigate effect hurricane force winds and rain had on property before flood waters appeared); *Pennison v. State Farm Fire & Cas. Co.,* 2006 WL 3904984 (E.D. La. 2006)(remand granted; citing *Pellerin* and finding that Louisiana law recognizes adjustor's tort duty when adjustor undertakes such duty; allegation that adjustor failed to disclose material information); *Dillon v. Lincoln Gen. Ins. Co.,* 2006 WL 3469554 (E.D. La.  2006)(remand granted; no improper joinder of adjustor; allegations that adjustor misrepresented coverages and terms of insurance coverage, failed to properly investigate the nature of claims, failed to timely or adequately investigate or provide insurer with proof of claims by insured)*; Loehn v. Hardin,* 2002 WL 922380 (E.D. La. 2002)(remand granted; allegations that adjustor breached duty to properly handle plaintff's claim by denying claim after cursory inspection and by misrepresenting coverages in policy); *Dufrene v. State Farm Fire & Cas. Co.*, 1993 WL 35128 (E.D. La. 1993)(remand granted; allegation that State Farm delegated duty to adjustor).

[12]*Pellerin*, 396 So.2d at 373.  *See also Alarcon,* 538 So.2d at 699 ("[U]nder some circumstances a tort duty may exist in the settlement of an insurance claim," *citing Pellerin*.).

[13]46A C.J.S. *Insurance* §1345 (2004).

Under Louisiana law, a claim for negligent misrepresentation exists where there is 1) a duty on the part of the defendant to supply correct information to the plaintiff, 2) a breach of said duty, and 3) justifiable reliance upon the misrepresentation with resulting damages.[14] Plaintiffs' petition avers colorable claims against Robinson for negligent and/or intentional misrepresentation.[15]

---

[14] *Systems Engineering and Security, Inc. v. Science & Engineering Associates, Inc.,* 962 So.2d 1089, 1092 (La. App. 4th Cir. 2007)(*citing Kadlec Medical Center v. Lakeview Anesthesia Asoc.*, 2005 WL 1308153 (E.D. La. 2005)).

[15] Paragraph XVIII of plaintiffs' petition states:

> In a telephone conversation with Dr. DeAbate in July or August 2007, Gary Robinson stated that they could not cover the damage to air conditioners, the elevator, alarm or fire systems, nor the electrical wiring. To date, Gary Robinson has never provided to Dr. DeAbate with a written report or any written reasons for denying coverage for the damages to these vital parts of the building and business."

Paragraph XXII states:

> Petitioners further aver that Defendants are guilty of negligence in the determination of the causes of Petitioners' loss herein, including but not limited to negligence in their failure to timely adjust and pay the claim. Petitioners aver that they have sustained a loss as a result of Defendants' negligence.

Paragraph XXIV states:

> Petitioners further aver that Defendants intentionally and/or negligently misrepresented the damages to the Petitioners' property to be an excluded Cause of Loss as opposed to a cause of loss covered by the property, as well as other pertinent facts relating to the policy and/or Petitioners' claim.

Paragraph XXV states:

> Petitioners further allege that GAB, and specifically Gary Robinson, had a duty to provide an adequate inspection of petitioners' property and the damages thereto and Petitioners further allege that Gary Robinson intentionally or negligently failed in this duty to timely and properly adjust the claim.

Paragraph XXVI states:

> Petitioners further aver they sustained loss as a result of Defendants' intentional and/or negligent misrepresentations.

Paragraph XXVII states:

Because defendant is unable to overcome its heavy burden of proving that there is no possibility of a valid cause of action against the in-state defendant Robinson, the court finds that Robinson was not improperly joined.  Further, viewing contested facts and all ambiguities in the controlling state law in plaintiffs' favor, which the court must do in this case, the court finds that defendant has failed to prove that there is "no reasonable basis for the court to predict that the plaintiff might be able to recover against" Robinson.[16]  The court lacks subject matter jurisdiction and the motion to remand is **GRANTED.**

New Orleans, Louisiana, this   28th   day of July, 2008.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

    Petitioners further aver that Defendant GAB, and specifically Gary Robinson, adjustor, intentionally and/or negligently interfered with the business relationship between Petitioner and CNA and Transportation and that said interference caused the Plaintiffs' further damage including but not limited to loss of use.

[16]*Smallwood,* 385 F.3d at 573.